## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
## JUNE SESSION, 1999

FILED

June 30, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

LONNIE R. THOMPSON,          )
                            )     No. 03C01-9809-CC-00319
        Appellant           )
                            )     HAWKINS COUNTY
vs.                         )
                            )     Hon. Ben K. Wexler, Judge
STATE OF TENNESSEE,         )
                            )     (Post-Conviction)
        Appellee            )

For the Appellant:

**Gerald T. Eidson**
Attorney for Appellant
107 East Main, Suite 205
Rogersville, TN  37857

For the Appellee:

**Paul G. Summers**
Attorney General and Reporter

**Erik W. Daab**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

**C. Berkeley Bell, Jr.**
District Attorney General

**Douglas Godbee**
Asst. District Attorney General
Hawkins County Courthouse
Main Street
Rogersville, TN  37857

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

**OPINION**

The appellant, Lonnie Ray Thompson, appeals the dismissal of his petition for post-conviction relief by the Hawkins County Criminal Court. On appeal, the appellant contends, first, that counsel was ineffective for failing to request a mental evaluation and, second, that his guilty pleas were involuntarily entered because counsel failed to explain that he would receive a 100% release eligibility date.[1]

After review, we affirm the judgment of the trial court.

On October 28, 1997, the appellant entered guilty pleas to two counts of aggravated sexual battery, a Class B felony. The trial court sentenced the appellant as a range I standard offender to eight years for each count. These sentences were ordered to be served concurrently. No direct appeal was taken from the sentence.

In April of 1998, the appellant filed for post-conviction relief. After a hearing on the merits, the trial court denied the appellant's petition. When a claim of ineffective assistance of counsel is raised, the burden is upon the appellant to show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). The appellant must establish both deficient performance and prejudice in order to prevail. Id. A reviewing court need not consider the two prongs of Strickland in any particular order. Strickland v. Washington, 466 U.S. at 697, 104

---

[1]First, we note that the appellant failed to argue or cite any authority in his brief with respect to the release eligibility date. See Thomas W. Heaton v. State, No. 03C01-9511-CR-00353 (Tenn. Crim. App. at Knoxville, March 11, 1997) (waiving issue for failure to include argument or cite to authority in brief); Tenn. R. App. P. 27(a)(7). However, this issue was addressed in the petition for post-conviction relief and by the post-conviction court. Additionally, we note that at the post-conviction hearing and in his brief the appellant contends that trial counsel was ineffective based upon inadequate preparation and investigation. The appellant failed to raise this issue in his petition for post-conviction relief nor did the trial court address this issue in its findings. Issues not raised in a petition for post-conviction relief cannot be raised for the first time on appeal. See Willie L. Pegues v. State, No. 02C01-9705-CR-00182 (Tenn. Crim. App. at Jackson, Apr. 6, 1998), perm. to appeal denied, (Tenn. Feb. 1, 1999). Accordingly, this issue is waived. See Tenn. Code Ann. § 40-30-210(f) (1997).

S.Ct. at 2069. Moreover, if the appellant fails to establish one prong, a reviewing court need not consider the other. Id.

In post-conviction proceedings, the appellant must prove the allegations contained in his petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1997). Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence. See State v. Gaylen Dewayne Rhodes, No. 02C01-9703-CC-00121 (Tenn. Crim. App. at Jackson, Feb. 10, 1998), perm. to appeal denied, (Tenn. Oct. 19, 1998) (citation omitted). Moreover, the findings of fact of a trial court have the weight of a jury verdict and are conclusive on appeal unless the evidence preponderates against its judgment. Davis v. State, 912 S.W.2d 689, 697 (Tenn. 1995). This court may not reweigh or reevaluate the evidence or substitute its inferences for those drawn by the post-conviction court. Questions concerning credibility of witnesses and the weight and value to be given their testimony are for resolution by the post-conviction court. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990).

With respect to the appellant's allegation of deficient performance, he argues that trial counsel failed to request a mental evaluation. Beyond the appellant's uncorroborated assertion that he received counseling at a mental health center following his arrest, the record contains absolutely no proof of a prior existing mental condition. It is the appellant's burden to establish by clear and convincing evidence that there was a reasonable probability that he would not have pled guilty had counsel performed as suggested. In this case, the appellant has failed to make this showing of prejudice.

With regard to the appellant's second contention of ineffectiveness of counsel, the trial court entered the following findings:

3

His lawyer explained it to him. . . . I find in this [sic] questions asked him and the plea of guilty that the hundred (100) percent release eligibility was brought up three different times. . . . I don't know how much clearer that could have been. . . . He [appellant] says he never heard anything about the hundred (100) percent till he got back in jail. . . . I don't know who told him what that hundred (100) percent meant; but certainly a person with a G.E.D. ought to know that a hundred (100) percent means all of it.

In the present case, the appellant has failed to carry his burden of establishing his claims. Moreover, we cannot conclude that the evidence preponderates against the findings of fact. As a result, we find no error of law requiring reversal.

The trial court's judgment is affirmed.

_____
DAVID G. HAYES, Judge

CONCUR:

_____
JOHN H. PEAY, Judge

_____
JOHN EVERETT WILLIAMS, Judge